Let's take up Heeple v. Robert Mitchell. Mr. Burke, for the appellate, please proceed. Thank you, Your Honor. May it please the Court, I'm Robert Burke with the Office of the State Appellate Defender. I represent the defendant, Robert Mitchell. We're asking this Court to send this back for further proceedings on his action to regain $2,265 that was seized from him during a traffic stop. Your Honor, I want to start off with, to read one sentence from the State's brief. It's at the bottom of page 3, the top of page 4. There certainly appears to be an issue about what did happen to defendant's money, and the people wholly agree with the defendant that a judicially ordered forfeiture of this money as part of a criminal sentence would have been a void order. If the State has his money, it's pursuant to a void order. Counsel, where is that order? It's void, that you're alleging is void. Where is it in the record? The best I can do, Your Honor, is to, besides rely on the statement that was made earlier, is to point to his 2004 case, 2004, I think it's 2006. This is attached to his pleading in this case. And it's at page 101 in the record, Your Honor. It says, 05-CF-125, forfeited money seized. 04-CF-256, that's what the case I'm reading from, forfeiture of seized money. 05-CF-133, that's this case. Forfeiture, the court calls it a forfeiture. That's a written order from the court, what he's doing in all three cases, all three cases were heard at the same time. And he's saying we're forfeiting the money from this case. What file is that order? 101 in the record, Your Honor. He attempted to serve what he labeled a 214-01 petition, which the 214-01 petition under the statute doesn't really have the same rules as attacking a void order. He tried to serve Mr. Daley, and Mr. Daley admits in his brief a footnote at the bottom of page 3. As an officer of the court, undersigned counsel for the people on appeal can attest to the accuracy of the statement, that statement. And that counsel was appointed special prosecutor in post-conviction proceedings initiated by defendant in 05-CF-125. And did obtain from the circuit court an order that defendant be refunded the $846 because it was a void order in that case. The $846 referred to on page 101. Counsel for the state was post-conviction counsel in the companion case. Mr. Mitchell attempted to serve counsel of record, at least in one of these companion cases. Now, for the state to be saying, oh, but you didn't dot your I, you didn't cross your T, they're playing keep away with his money. They're being too formalistic. They're raising form over function. If there's a void order keeping his money, then he should get his money back. It would be simple enough for the state to answer this pleading. And if they have a receipt that he signed for obtaining his $2,265, they can attach it to a motion to dismiss. As an affirmative defense, we paid you your money. And that's the end of this. There's really no reason to continue this fighting over a very minute point when the question is, do they have his money or not? Aren't there civil remedies available? And do you feel that – if I could just follow up with that. Would Mr. Mitchell be precluded by res judicata or any other theory from proceeding on a civil remedy to get his money back when the state admits it was not properly enforced under the Forfeiture Act? I believe that he couldn't proceed that way, and I don't believe that it would be res judicata. It might be res judicata on whether he properly serves the state, but it wouldn't be res judicata on whether they unlawfully have his money. So, yeah, he can start another proceeding. He can file something new. He can have a new services process. But it's going to come down to the same question. If they have his money, it's a void order, and he gets his money back. And if they've given him his money, they're going to have a receipt, and so that's the end of it. And that's what we're asking for, Your Honor. Thank you, Your Honor. Thank you. Mr. Daly. It looks like you've got a new cast there, Mr. Daly. Yes, sir. If your jacket won't stay on… I'm just fighting on the roof, but I'll be okay. All right. May it please the Court, counsel. My name is Patrick Daly. I represent the people of the state of Illinois in this matter. As I indicated in my footnote, I have something about this case actually at the circuit court level, the post-conviction process, and a different case in which the defendant pled guilty to at the same time as this one. In that case, there was an order in the court specifically forfeiting a certain amount of money, which we acknowledge was a void order. And the defense counsel is absolutely correct. If the court forfeited this money as part of the judgment, and the state did ask for that as part of the guilty plea recommendations or the sentencing recommendations, then that's clearly an improper act by the circuit court that has to go through the in-room forfeiture proceeding. There's no provision within the Code of Corrections which allows it summarily to forfeit property seized, unless it's part of the guilty plea. And then the defendant can always waive those particular procedures in furtherance of a favorable deal. The problem I have in this case is that there's simply no order. I admit to some uneasiness about this case, because given the history of it, I don't doubt someone lurking in the back of my mind that something's happened to this money. And the court made note of something here, which has sort of been in the back of my mind, too, that if the county took his money in the original order of the court, that's almost a worse situation. It's essentially misappropriation. Let me ask you a question. Yes, sir. The other side of the coin to Justice Moore's question, would the state be prohibited from proceeding under the Forfeiture Act at this point in time? I think this would be time-barred at this point. It wouldn't be time-barred? Yes. Oh, well, this is 2005 we're talking about, so. Right. And the access of time, I wasn't aware of the access of time limit on those forfeiture proceedings. There are. There are. And they're actually very short, certainly not 10 years. So there's that. If it hasn't been, if the state hasn't initiated it, that's it. He gets his money back just as he did in the other case. I do think that the problem is that what we have before this court is a very specific question that this court is being asked to void a judgment which does not appear in the record. The defendant does make note in a docket sheet of some sort of vague reference in a different case about forfeiture of something. But what we have before this court, if you look at the judgment, the oral pronouncement of judgment, and then the written judgment. And the written judgment, of course, sort of supersedes everything at that point. There is no order of forfeiture directing the forfeiture of these funds that were recovered from the defendant. So, in essence, however we might feel that something squirrely is going on here with regards to this money, this court can't forfeit or, excuse me, order the voiding of something which doesn't exist in the first place. I do believe the defendant has, you know, civil remedies. I'm not going to get into what those might be. They're certainly replevant type actions or something. If, in fact, that money was forfeited by the county. But at this point, we don't even have that information of any reliability. I mean, we don't know what happened to this money. We have a defendant who avers in a pleading that it was forfeited. So, clearly, he didn't get his money back. And most likely, understandably so, is his understanding that the court had ordered the forfeiture of that money based upon what transpired at the time when he was consolidating a guilty plea claim. But in the end, there has to be an order to be voided, not a supposition or a belief. And that's the problem. So I think that the bottom line is that the defendant is sort of in an incomplete state at this point. Well, counsel, are you familiar with the order that was cited by Mr. Burke? I do recall looking at the facts of this case, there was that reference. Okay. What is that he's referring to? It was essentially a docket entry or an entry in a docket sheet from a different case. But it did reference this case regarding the forfeiture of something. So something had probably processed in the judge's mind. And I don't wonder that perhaps Judge, I don't know if it was Lockwood or I don't know who the judge was in this case, but had just forgot to specifically address that. So that's not in the same case as this one? I'm sorry? That docket entry is not in this case? It's not in this case, no. It's a different case. But it does reference this because you have to understand there was a guilty plea in multiple cases at the same time. And it was, as I acknowledge, the state did ask for forfeiture of that amount of money at the time of the guilty plea. So the argument I'm making, I guess, is not that the defendant isn't entitled to return that money as a matter of morality, I suppose. Or read or legality. The problem is that there just isn't a record upon which this court can enter a finding to void something because there's no order to be voided at this point. Now, because it would be void at, I don't believe the defendant is under any sort of time bars in order to re-plead a 2-14-01 petition or some sort of collateral attack or attack against the judgment. There's no time limitations on void orders. If you develop a little bit more of a record to show a money trail of what happened here, or alternatively, if there was never an order, then an alternative civil action, where I'm just looking at the facts as they are right before this court at this particular time, which is not developed enough to allow this court to enter a judgment and appeal voiding something because all that's being voided is a suspicion and not an order in actuality. And I believe that's all I have on that. I won't get into the service of process arguments. That speaks for itself. If the court has any other questions for me, I'll entertain them now. Thank you, counsel. Thank you for your time. Rebuttal? Very briefly, Your Honor. First of all, Justice, it's a docket entry, a handwritten docket entry. I can't tell which judge wrote it. It was the judge presiding. Does it have the case number on the docket sheet? At the very top, it's 04CF256, which was the third case he pleaded guilty to that day. This is all on August 29, 2005. Then the other point I wanted to make, Your Honor, we're not asking for this court to void an order or void a judgment or anything. We're just asking for it to send the case back for further proceedings. Thank you, Your Honor. Thank you, counsel. Thank you. Counsel will take your case under advisement.